# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11cv228-MOC-DSC

| MARY MIXON, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| Vs. | ) | ORDER ADOPTING |
| | ) | RECOMMENDATION |
| CHARLOTTE-MECKLENBURG SCHOOLS, | ) | OF MAGISTRATE JUDGE |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation, dated August 5, 2011, by the Honorable David S. Cayer, United States Magistrate Judge, recommending that the court grant defendant's motion to dismiss plaintiff's claims. [Doc. #12.] On September 9, 2011, plaintiff filed a timely Objection to the Memorandum and Recommendation. [Doc. #18.] On the same day, plaintiff filed a motion for leave to file an amended complaint [Doc. #17.]

## FINDINGS AND CONCLUSIONS

### I. Applicable Standard

The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Camby v.*

-1-

*Davis*, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." *Id.* Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Camby*, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case.

## II. Discussion

After a careful review of the magistrate judge's recommendation on the motion to dismiss and plaintiff's objection, the court finds that the magistrate judge correctly determined that dismissal is appropriate. That is, the court agrees with the magistrate judge that plaintiff's complaint wholly fails to satisfy the pleading standards of *Twombly* and *Iqbal*. Furthermore, in her objection, rather than directing the court to a specific error in the magistrate judge's proposed findings and recommendations, plaintiff merely recites new allegations that are in her proposed amended complaint. Plaintiff further specifically admits in her objection that she "acknowledges that her

initial complaint was deficient according to [the Rule 12(b)(6) pleading] standards." (Pl.'s Objection, p. 2.)

Despite that the magistrate judge has already entered a Memorandum and Recommendation, plaintiff now seeks to amend her complaint. The court will deny the motion to amend. A party may amend its own pleading once as a matter of course within twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. FED. R. CIV. P. 15(a)(1)(B). In all other cases, a party may amend only with the consent of the opposing party or with leave of court. FED. R. CIV. P. 15(a)(2).

Ordinarily, the court "should freely give leave when justice so requires." *Id*.; *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although leave should be given freely, the court in its discretion may deny a motion to amend where there has been "a showing of prejudice, bad faith, futility, or dilatoriness associated with the motion." *Sandcrest Outpatient Servs., P.A. v. Cumberland Cnty. Hosp. Sys., Inc.*, 853 F.2d 1139, 1148 (4th Cir. 1988) (quoting *Ward Elecs. Serv. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987)). "Although delay alone is insufficient reason . . . to deny leave to amend, delay accompanied by bad faith is not." *Ferguson v. Maita*, 162 F. Supp. 2d 433, 441 (W.D.N.C. 2000). "Where the facts upon which [a] new claim [is] based were known at the time of the original complaint . . ., it is not an abuse of

discretion to find bad faith." *Id*.; *see also Al– Abood ex rel. Al–Abood v. El–Shamari*, 217 F.3d 225, 234 (4th Cir. 2000). Moreover, where a motion to amend is filed in an attempt to circumvent a dispositive motion, leave to amend need not be granted. *See Googerdy v. N.C. Agric. & Tech. State Univ.*, 386 F. Supp. 2d 618, 623 (M.D.N.C. 2005).

Here, plaintiff had twenty-one days from the filing of defendant's motion to dismiss to file an amended complaint as of right, but she failed to do so. *See* FED. R. CIV. P. 15(a)(1)(B). Indeed, plaintiff did not file her motion to amend until the magistrate judge had already entered the Memorandum and Recommendation recommending dismissal of plaintiff's complaint. The court will deny plaintiff's motion to amend, as plaintiff clearly could have filed her motion well before the magistrate judge entered a ruling that was unfavorable to her.[1] Furthermore, as to plaintiff's contention that she is unfamiliar with the rules of civil procedure, plaintiff's pro se status does not absolve her of her duty to comply with the court's procedural rules. *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989).

In sum, the court will adopt the Memorandum and Recommendation of the magistrate judge as its own. Furthermore, the court will deny plaintiff's motion to

---

[1] The court notes further that, in any event, defendant argues persuasively that the motion to amend should be denied because allowing an amendment would be futile. *See Foman*, 371 U.S. at 182.

amend the complaint.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation [doc. #12] is **ADOPTED** in its entirety. Furthermore, plaintiff's motion to file an amended complaint is **DENIED** [doc. #17.]

The Clerk of Court is instructed to enter a judgment consistent with this Order.

Signed: October 26, 2011

Max O. Cogburn Jr.
United States District Judge